## OWEN AS AD. VS. JONES.

The letter of the commission merchant to the shipper of cotton, stating the dam· aged condition of the cotton when received, would not be evidence against the overseer in a suit against him for damages.

When illegal evidence is admitted to go to the jury, and the other evidence is not sufficient to sustain the verdict, the judgment will be reversed.

Wherever time is material, either in actions of contract, or for tort, the plaintiff is strictly bound by the time laid in the declaration,—as in an action against an overseer for damages, by the employer, he cannot recover for injuries committed prior to the date alleged as the commencement of the employment.

TERM, 1854                    Owen as ad. vs. Jones.

*Appeal from Lafayette Circuit Court.*

The Hon. SHELTON WATSON, Circuit Judge, presiding.

S. H. HEMPSTEAD, for the appellant.    Where improper evidence-
is given, although it may be cumulative only, the judgment must.
be reversed, because the court cannot say what effect such evi-
dence may have had on the minds of the jury.   *Marguand vs.
Webb,* 16 *John.* 89.   2 *Hall N. Y. Rep.* 40.   3 *Cowen* 621.   12
*Wend.* 65.   4 *Ark.* 531.   The letter of Dick & Hill was impro-
perly admitted and the verdict is clearly excessive.

The court should have excluded the evidence as to injury to
the crop in 1842; for although as a general rule, the precise day
need not be proved, and time is not material, yet that rule does
not apply to a case like this, where the date marks the com-
mencement of the overseer's term of-service or employment, and
where the object is to hold him responsible for damages after that
time.    In that view, time here becomes material, and the plain-
tiff was bound by the allegation he had made in that respect.
*Eastman vs. Bodfish,* 1 *Story R.* 528.    *Littel's Sel. Cas.* 86, 435.

CURRAN, contra.

Hon. ISAAC STRAIN, Special Judge, delivered the opinion of the.
Court.

This is an action of trespass on the case, against the appel-
lant's intestate, for damages to the cotton and corn crops of the
appellee, whilst in his employ, as his overseer.

Among other evidence the plaintiff below, having proved the sig-
nature of Dick & Hill to be genuine, introduced their letter, sta:
ting, " There were 178 bales of cotton, shipped us per So. Wes-
tern, in bad order, a good deal of it was delivered in bulk and
had to be rebaled, 28 bales were picked, the expense of which
was $64 87, 23 bales were remade, the charge for which was.
$112.   Three bales were lost in this operation, and there was

loss in weight on the picked bales, &c." To which evidence the defendant below objected, but the court overruled the objection and permitted it to go to the jury. The jury brought in a verdict for the plaintiff for $797 43.

Now if the other evidence, exclusive of this, were sufficient, upon which this verdict might well be sustained, although the court below manifestly erred in permitting this letter to be read as evidence to the jury, yet for this alone the verdict ought not to be disturbed. But aside from this letter, there is no evidence upon which so large an amount of damages, as contained in this verdict, could be based or sustained: The jury, therefore, must have depended in a great measure upon this evidence in rendering this verdict. Dick & Hill were competent witnesses. Their evidence, if desired by the plaintiff below, ought to have been obtained legally, affording the defendant an opportunity to cross examine them.

As to the other error assigned in the record, we think the plaintiff having fixed the commencement of the term of service of the overseer by his declaration to the 1st day of January, A. D. 1843, and alleged "that he entered on the duties of his said employment as overseer" on that day, is bound by that period, and cannot prove any injury he sustained anterior to that time. For the reason, that this action would be no bar to an action for injury sustained during a term of service anterior to this; because it could not judicially appear that any damages had been recovered for any such anterior term of service; and the declaration itself specifying the commencement of the term of service, would repel any presumption to the contrary.

It is by no means true that the specification of time is, in all cases, immaterial to be proved as laid in the declaration. Whereever time is material, not only in matters of contract, but in matters of *tort*, the plaintiff is strictly bound by that time. Now in trespass, with an allegation of a *continuando* or *diversis diebus*, if the plaintiff insists upon proving repeated acts of trespass, he will not be allowed to give evidence thereof, unless committed

within the time specified." 1 *Ch. Pl.* 3 *Ed.* 258. *Eastman vs. Bodfish*, 1 *Story's R.* 523.

The court therefore erred in permitting the plaintiff to give evidence of injury sustained prior to the first day of January, A. D. 1843, and for these errors the case must be reversed.

WATKINS, C. J., did not sit in this case.