HATFIELD PRODUCTS & COOPERATIVE ASSOCIATION *v.* MENA
          TRUCK & FRUIT GROWERS' ASSOCIATION.

Opinion delivered May 5, 1924.

EVIDENCE—LETTERHEAD.—On the issue whether a third person was
     agent for defendants in buying certain materials, evidence that
     he was using letterheads showing him to be manager for the
     defendants, and that the defendants were members of a certain
     association, was inadmissible, in the absence of evidence tending
     to show that the defendants knew of such use of their names.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge;
reversed.

### STATEMENT OF FACTS.

The Mena Truck & Fruit Growers' Association sued the Hatfield Products & Cooperative Association to recover $745 alleged to be due for cantaloupe crates sold by the former to the latter. Both the plaintiffs and the defendants are alleged to be partnerships, which are composed of certain individuals named in the complaint.

The defendants filed an answer in which they denied owing the plaintiffs any sum whatever.

J. P. Callahan was the principal witness for the plaintiffs. According to his testimony, during the year 1921 he was chairman and manager of the Mena Truck & Fruit Growers' Association. About the first of June, 1921, his association sold a car of cantaloupe crates to V. L. McFarland, who represented himself to be secretary and sales manager of the Hatfield Products & Cooperative Association, the members of which were engaged in growing cantaloupes. A written contract was entered into whereby the Mena Truck & Fruit Growers' Association sold a car of cantaloupe crates to the Hatfield Products & Cooperative Association. The contract on the part of the buyers was signed by W. T. Meyers and V. L. McFarland, respectively, as president and secretary of said association. The car of crates was sold for $770. Subsequently W. T. Meyers paid $25 of the indebtedness, and the balance of it has not been paid. In 1922 Callahan went to Hatfield and interviewed some of the defendants about the account, and they stated that they were then members of the association which had bought the car of cantaloupe crates. The written contract signed by Meyers and McFarland has been lost. On May 15, 1921, V. L. McFarland wrote to J. P. Callahan, stating that the original contract had been signed and was being returned with the letter. The letter purports to give a list of the members of the association who had paid their membership fees in full. The names of the defendants to this action and others appear in the list. The letter was written on stationery purporting to be that of the Hatfield Products & Cooperative Association. The letter-

head contains the names of the officers and directors of the association, and states that they are growers and shippers of fruits, vegetables and other commodities. Some of the defendants' names, including those of S. E. Pottorff, Mrs. H. Russell, V. L. McFarland, W. T. Meyers and others, appear on the letterhead of the association.

Some of the defendants, including S. E. Pottorff, were witnesses for themselves. According to their testimony, J. P. Callahan bought the car of cantaloupe crates for himself, and some of them were sold to the defendants and others during the cantaloupe season of 1921, and again in 1922. They offered to pay the plaintiffs for the cantaloupe crates which they actually received, but refused to pay for the balance of them, because they had nothing whatever to do with buying them. They denied that they in any way joined in making the contract for the purchase of the cantaloupe crates, and stated positively that they had nothing whatever to do with making the contract. They admitted that V. L. McFarland attempted to form an association known as the Hatfield Products & Cooperative Association for the purpose of growing and selling cantaloupes, but said that the organization of the association was never completed. They denied knowing that McFarland had placed their names on the letterheads of the association, or that he had any authority to do so. They did not know that he had attempted to make the contract in the name of the organization or had represented them to be members of it. McFarland had left the State, and was in the State of Iowa at the time of the trial. The defendants offered to pay the plaintiffs for the crates which they had received and used.

The jury returned a verdict for the plaintiffs, and, from the judgment rendered, the defendants have duly prosecuted an appeal to this court.

*Norwood & Alley,* for appellant.

No articles of association, incorporation or partnership were ever signed by any of the appellants, and no authority was given McFarland to purchase crates for

appellants, as an association or as partners, and they
did not know that he was exercising such authority.   The
case comes within the rule announced in 121 Ark. 541.

*Minor Pipkin,* for appellee.

Where appellant makes objections to instructions
different from those urged on appeal, the objections on
appeal are waived.   137 Ark. 495.   See also 65 Ark. 371.

HART, J., (after stating the facts).   The assignment
of error mainly relied upon for a reversal of the judg-
ment relates to the admission of the letter signed by V.
L. McFarland as secretary and sales manager of the Hat-
field Products & Cooperative Association, which was
written on the 15th day of May, 1921, stating, among
other things, that the original contract for the purchase
of the cantaloupe crates was inclosed in it.   The letter
also contains the names of the defendants and others who
were represented to be members of the association, and
to have paid their membership fees in full.   This letter
does not of itself authorize any inference against the
defendants.   Its contents are only the declarations of
McFarland, and, unless his statement was adopted, or in
some way sanctioned by the defendants, his act in the
premises could not prejudice them.

On an issue as to whether McFarland, in purchasing
the cantaloupe crates from the plaintiffs, had acted for
the defendants, evidence that he was using letterheads
showing him to be manager for the defendants, and that
the defendants were members of a certain association,
would be incompetent, in the absence of evidence tending
to show that the defendants knew of such use of their
names.   *Owen* v. *Jones,* 14 Ark. 502; *Estes* v. *Merrill,*
121 Ark. 361; *Donaghey* v. *Williams,* 123 Ark. 411; and
*Ellis & Co.* v. *Farrell,* 146 Ark. 274.

In the absence of proof tending to show that the
defendants knew of, or had authorized, the use of their
names on the letterheads of the association, it was neces-
sary that this fact be testified to by the writer of the
letter, or some one who had knowledge of the fact.   So
far as the defendants are concerned, McFarland was a

third party, and his statements, either verbally or in writing, amounted to nothing but hearsay against them. He could not use letterheads containing their names as members of an association, and bind them thereby, without any knowledge on their part of his act in the premises. The letter in question tended to show that the defendants were members of an association which had purchased the cantaloupe crates, and its admission in evidence was highly prejudicial to them.

It is true that there was other evidence tending to show that some of the defendants were members of the association, but this did not remove the prejudice resulting from the admission of the letter, for the reason that the defendants denied that they were members of the association, and it could not be said therefore that the undisputed evidence showed that they were members at the time McFarland made the contract in question.

For the error in admitting in evidence the letter in question, as indicated in the opinion, the judgment must be reversed, and the cause will be remanded for a new trial.